IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DONN DEVERAL MARTIN, 1454022,<br>      Plaintiff, | )<br>)<br>) |
| v. | )   No. 3:10-CV-711-N |
| SHIRLENE (ANGEL) D. HALEY, ET AL.<br>      Defendants. | )<br>)<br>) |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The Findings, Conclusions and Recommendation of the Magistrate Judge follow:

**Parties:** Plaintiff is a state prisoner currently incarcerated in the TDCJ Clements Unit in Amarillo, Texas. He has filed this complaint pursuant to 42 U.S.C. § 1983.

**Discussion:** Plaintiff claims Defendants violated his civil rights regarding the sale of certain real property located in Tarrant County, Texas. Tarrant County is located in the Northern District of Texas, Fort Worth Division. *See* 28 U.S.C. § 124(a)(2).

Congress has recognized that substantial advantages may be gained by having the case resolved in the court located nearest the site of the underlying controversy. *Braden v. 30th Judicial Circuit Court of Kentucky,* 410 U.S. 484, 497 (1973). The terms of 28 U.S.C. § 1404(a) provide that "[f]or the convenience of parties and witnesses, in the interest of justice, a district

court may transfer any civil action to any other district or division where it might have been brought." A court may transfer a case upon a motion or *sua sponte*. *See* 28 U.S.C. § 1404 and § 1406. The court has broad discretion in deciding whether to order a transfer. *Caldwell v. Palmetto State Savings Bank of South Carolina*, 811 F.2d 916, 919 (5th Cir. 1987); *accord Mills v. Beech Aircraft Corp., Inc.,* 886 F.2d 758, 761 (5th Cir. 1989).

The incidents out of which Plaintiff's claims arise occurred in Tarrant County within the Fort Worth Division of the Northern District of Texas. The records and potential witnesses would be readily accessible there, making the Fort Worth Division of the Northern District of Texas a more convenient forum. *See Bell v. Watkins*, 692 F.2d 999, 1013 (5th Cir. 1982), *cert. denied sub nom., Bell v. Thigpen*, 464 U.S. 843 (1983). Transfer to the Fort Worth Division of the Northern District of Texas is appropriate in this case, and the Court recommends that this case be transferred.

## RECOMMENDATION:

For the foregoing reasons, the Court recommends that this case be transferred to the Forth Worth Division of the Northern District of Texas.

Signed this 3rd day of September, 2010.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).